IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRAVELERS PROPERTY AND** | : | |
| **CASUALTY COMPANY OF AMERICA** | : | |
| One Tower Square | : | |
| Hartford, CT 06183 | : | |
| and | : | |
| **THE TRAVELERS INDEMNITY COMPANY** | : | |
| One Tower Square | : | |
| Hartford, CT 06183 | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | NO. |
| | : | |
| **KORESKO LAW FIRM, P.C.** | : | |
| **a/k/a Koresko and Associates, P.C. a/k/a Koresko** | : | |
| **Associates, Inc. a/k/a Koresko Associates** | : | |
| 200 W. Fourth Street | : | |
| Bridgeport, PA 19405 | : | |
| and | : | |
| **KORESKO FINANCIAL, L.P.** | : | |
| 200 W. Fourth Street | : | |
| Bridgeport, PA 19405 | : | |
| and | : | |
| **PENN-MONT BENEFIT SERVICES, INC.** | : | |
| 200 W. Fourth Street | : | |
| Bridgeport, PA 19405 | : | |
| and | : | |
| **JOHN J. KORESKO, V** | : | |
| 200 W. Fourth Street | : | |
| Bridgeport, PA 19405 | : | |
| and | : | |
| **LAWRENCE KORESKO** | : | |
| 200 W. Fourth Street | : | |
| Bridgeport, PA 19405 | : | |
| | : | |
| Defendants | : | |
| | : | |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs, by and through their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby file the within Complaint for Declaratory Judgment against the defendants, and in support thereof aver as follows:

1.     Plaintiff Travelers Property and Casualty Company of America is an insurance company organized and existing under the laws of the State of Connecticut with a place of business located at the address in the caption above.

2.     Plaintiff The Travelers Indemnity Company an insurance company organized and existing under the laws of the State of Connecticut with a place of business located at the address in the caption above.

3.     At all times relevant hereto, Plaintiffs were authorized to conduct business in the Commonwealth of Pennsylvania as insurance companies and have engaged in and continue to engage in a continuous and a substantial course of business within the Commonwealth of Pennsylvania.

4.     Defendant Koresko Law Firm, P.C. is a professional corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business located at the address in the caption above.  Koresko Law Firm is also known as Koresko & Associates, P.C., Koresko Associates, Inc. and Koresko Associates.

5.     Defendant Koresko Financial, L.P. is a limited partnership organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business located at the address in the caption above.

6.     Defendant Penn-Mont Benefit Services, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business located at the address in the caption above.

2

7.     Defendant John J. Koresko, V is an adult individual with a place of business located at the address in the caption above.  Upon information and belief, John J. Koresko is a principal and/or representative and/or officer of Koresko & Associates, P.C., Penn-Mont Benefit Services, Inc. and/or Koresko Financial, L.P.  Upon information and belief, currently and at all times relevant hereto, John J. Koresko, V is/was a licensed attorney in the Commonwealth of Pennsylvania.

8.     Defendant Lawrence Koresko is an adult individual with a place of business located at the address in the caption above.  Upon information and belief, Lawrence Koresko is a principal and/or representative and/or officer of Koresko & Associates, P.C., Penn-Mont Benefit Services, Inc. and/or Koresko Financial, L.P.

9.     This Honorable Court has jurisdiction over this matter by virtue of diversity jurisdiction pursuant to 28 U.S.C. §1332 and the amount in controversy, inclusive of interest and costs, is alleged to be in excess of $75,000.  Venue for this matter exists under 28 U.S.C. § 1391.

10.     This is an action for declaratory judgment that is brought pursuant to 28 U.S.C. §2201, *et seq.* for the purpose of determining a question in actual controversy between the parties, as more particularly set forth herein.

11.     Plaintiffs issued multiple commercial general liability policies of insurance as follows (hereinafter "the policies"):

| | | |
|---|---|---|
| a) | Policy No.: | I-680-3063A313-IND-02 |
| | Policy Period: | May 23, 2002 to May 23, 2003 |
| | Named Insured: | Koresko Associates, Inc. & Penn-Mont Benefits |
| b) | Policy No.: | I-680-3063A313-IND-03 |
| | Policy Period: | May 23, 2003 to May 23, 2004 |
| | Named Insured: | Koresko Associates, Inc. & Penn-Mont Benefits |
| c) | Policy No.: | I-680-3063A313-IND-04 |
| | Policy Period: | May 23, 2004 to May 25, 2005 |

|  | Named Insured:<br>Company: | Koresko Associates, Inc. & Penn-Mont Benefits<br>The Travelers Indem. Co. |
|---|---|---|
| d) | Policy No.:<br>Policy Period:<br>Named Insured:<br><br>Company: | I-680-3063A313-IND-05<br>May 23, 2005 – May 23, 2006<br>Koresko Law Firm, P.C.,Penn-Mont Benefits,<br>Koresko Associates<br>The Travelers Idem. Co. |
| e) | Policy No.:<br>Policy Period:<br>Named Insured:<br><br>Company: | I-680-3063A313-IND-06<br>May 23, 2006 – May 23, 2007<br>Koresko Law Firm, P.C.,Penn-Mont Benefits,<br>Koresko Associates<br>Travelers Prop. Cas. Co. of Ameri |
| f) | Policy No.:<br>Policy Period:<br>Named Insured:<br><br>Company:<br>Cancelled: | I-680-3063A313-TIL-07<br>May 23, 2007 – May 23, 2008<br>Koresko Law Firm, P.C.,Penn-Mont Benefits,<br>Koresko Associates<br>Travelers Prop. Cas. Co. of America<br>June 29, 2007 |

12.    The policies contain the following provisions, in pertinent part:

COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY

1.    Insuring Agreement

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies.

\*          \*          \*

SECTION V - DEFINITIONS

"Personal injury means injury, other than "bodily injury", arising out of one or more of the following offenses:

\*          \*          \*

d.    Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services.

13.    The policies provide the following regarding the definition of an "insured":

1.    If you are designated in the Declarations as:

4

\*       \*       \*

d.      An organization other than a partnership, joint venture or limited
liability company, you are an insured. Your "executive officers"
and directors are insureds, but only with respect to their duties as
your officers or directors. Your stockholders are also insureds, but only with
respect to their liability as stockholders.

14.      The policies each contain in various forms a professional services exclusion.

15.      Regarding the 2003 and 2002 policies, they contain form CG 21 16 11 85 which

states:

EXCLUSION – DESIGNATED PROFESSIONAL SERVICES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

Description of Professional Services:

1.      LEGAL AND BENEFIT COUNSELING SERVICES

2.

**3.**

(If no entry appears above, information required to complete this endorsement will be shown in
the Declarations as applicable to this endorsement.)

With respect to any professional services shown in the Schedule, this insurance does not apply to
"bodily injury", "property damage", "personal injury," or "advertising injury" due to the rendering
or failure to render any professional service.

16.      The 2004 policy contains form CG D2 81 11 03 which states:

EXCLUSION – DESIGNATED PROFESSIONAL SERVICES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

Description Of Professional Services:

1.      LEGAL AND BENEFIT COUNSELING SERVICES

2.

5

3.

(If no entry appears, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

With respect to any professional services shown in the Schedule, the following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:

This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" due to the rendering of or failure to render any professional service.

17.     The 2005 policy contains form CG D2 81 01 04, which states:

EXCLUSION – DESIGNATED PROFESSIONAL SERVICES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

Description of Professional Services:

1.      LEGAL AND BENEFIT COUNSELING SERVICES

2.

3.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)
With respect to any professional services shown in the Schedule, the following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A
- Bodily Injury and Property Damage Liability and Paragraph 2., Exclusions of Section I – Coverage B - Personal and Advertising Injury Liability:

This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" due to the rendering of or failure to render any professional service.

This insurance also does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of the selection, investigation, hiring, supervision, training, retention or termination or any person or organization who has rendered or failed to render professional service.

18.     The policies also contain the following exclusion:

This insurance does not apply to:

a.      "Personal injury" or "advertising injury":

6

    (1)       Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

          *       *       *

    (3)       Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured;

19.    The policies also contain the following duties:

    2.    Duties In The Event Of Occurrence, Offense, Claim or Suit.

      a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:

    (1)       How, when and where the "occurrence" or offense took place;

    (2)       The names and addresses of any injured persons and witnesses; and

    (3)       The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b. If a claim is made or "suit" is brought against any insured, you must:

    (1)       Immediately record the specifics of the claim or "suit" and the date received; and

    (2)       Notify us as soon as practicable.

You must see to it that we received written notice of the claim or "suit" as soon as practicable.

      c.    You and any other involved insured must:

    **(1)**       Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    **(2)**       Authorize us to obtain records and other information;

    **(3)**       Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and

    **(4)**       Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

20.     On or about September of 2007, John J. Koresko, V, Lawrence Koresko, Koresko and Associates, P.C., Koresko Financial, L.P., and Penn-Mont Benefit Services, Inc. tendered to Plaintiffs, for the first time, the lawsuit <u>STEP Plan Services, Inc., et al v. Koresko, et al</u>. venued in the Court of Common Pleas of Philadelphia County at docket number March Term 2004 No. 7718 (hereinafter "the <u>STEP Plan</u> action"). A true copy of the Second Amended Complaint for the <u>STEP Plan</u> action is attached as Exhibit "A" (hereinafter "the Complaint").

21.     Upon information and belief, the <u>STEP Plan</u> action was filed and served on the defendants in the instant action on or about March of 2004.

22.     Plaintiffs are currently providing a defense in the <u>STEP Plan</u> action for those defendants named in the instant action, subject to a reservation of rights.

23.     As is averred below, Plaintiffs owe neither a duty to defend nor a duty to indemnify defendants for the allegations set forth in the underlying <u>STEP Plan</u> action.

## COUNT I – DECLARATORY JUDGMENT

24.     Plaintiffs incorporate by reference the averments in paragraphs 1-23 above as if fully stated at length herein.

25.     Under the terms of the policies set forth above, Plaintiffs have neither a duty to defend nor a duty to indemnity for any "personal injury" due to the rendering of or failure to render any professional services, including legal services and benefit services (the "professional services" exclusions).

26.     The allegations in the underlying <u>STEP Plan</u> action Complaint fall entirely within the scope of the "professional services" exclusions in the policies.

27.     As such, Plaintiffs do not have a duty to defend and do not have a duty to indemnify defendants for the allegations in the underlying <u>STEP Plan</u> action.

8

28.     Plaintiffs request a declaration from the court that they do not owe a duty to defend and do not owe a duty to indemnify Koresko & Associates, P.C., Koresko Law Firm, P.C., Koresko Associates, Inc.,  Koresko Associates, Koresko Financial, L.P., Penn-Mont Benefit Services, Inc., John J. Koresko, Lawrence Koresko for the allegations set forth in the underlying STEP Plan action.

**WHEREFORE**, Plaintiffs request that judgment be entered as follows:

1.     Declaring that the claims asserted against Koresko & Associates, P.C., Koresko Law Firm, P.C., Koresko Associates, Inc., Koresko Associates, Koresko Financial, L.P., Penn-Mont Benefit Services, Inc., John J. Koresko, V and Lawrence Koresko in the lawsuit are not covered by the policies; and

2.     Declaring that Plaintiffs have no duty to defend and no duty indemnify Koresko & Associates, P.C., Koresko Law Firm, P.C., Koresko Associates, Inc.,  Koresko Associates, Koresko Financial, L.P., Penn-Mont Benefit Services, Inc., John J. Koresko, Lawrence Koresko, any named insureds or any other claimed insureds under the policies for the lawsuit ; and

3.     That judgment be entered in Plaintiffs favor and against Defendants; and

4.     Awarding Plaintiffs their costs, fees and expenses, and

5.     Awarding such other relief as the Court deems just, proper, and equitable.

### COUNT II – DECLARATORY JUDGMENT

29.     Plaintiffs incorporate by reference the averments in paragraphs 1-28 above as if fully stated at length herein.

30.    Under the policies and the above provisions, Plaintiffs have neither a duty to defend nor a duty to indemnify for any "personal injury" done by or at the direction of the insured with knowledge of its falsity and for the willful or intentional conduct of an insured.

31.    The allegations in the Complaint aver that the purported "personal injury" arises from intentional and/or knowing and/or willful conduct.

32.    As such, there is no coverage under the policies for the lawsuit and Plaintiffs do not have a duty to defend and do not have a duty to indemnify defendants for the STEP Plan action.

33.    Plaintiffs request a declaration from the court that they do not owe a duty to defend and do not owe a duty to indemnify Koresko & Associates, P.C., Koresko Law Firm, P.C., Koresko Associates, Inc., Koresko Associates, Koresko Financial, L.P., Penn-Mont Benefit Services, Inc., John J. Koresko, V, Lawrence Koresko for the allegations set forth in the underlying STEP Plan action.

**WHEREFORE**, Plaintiffs request that judgment be entered as follows:

        1.    Declaring that the claims asserted against Koresko & Associates, P.C., Koresko Law Firm, P.C., Koresko Associates, Inc., Koresko Associates, Koresko Financial, L.P., Penn-Mont Benefit Services, Inc., John J. Koresko, V and Lawrence Koresko in the lawsuit are not covered by the policies; and

        2.    Declaring that Plaintiffs have no duty to defend and no duty indemnify Koresko & Associates, P.C., Koresko Law Firm, P.C., Koresko Associates, Inc.,  Koresko Associates, Koresko Financial, L.P., Penn-Mont Benefit Services, Inc., John J. Koresko, Lawrence Koresko, any named

insureds or any other claimed insureds under the policies for the lawsuit ; and

3.      That judgment be entered in Plaintiffs favor and against Defendants; and

4.      Awarding Plaintiffs their costs, fees and expenses, and

5.      Awarding such other relief as the Court deems just, proper, and equitable.

## COUNT III – DECLARATORY JUDGMENT

34.    Plaintiffs incorporate by reference the averments in paragraphs 1-33 above as if fully stated at length herein.

35.    Under the policies and the above provisions, Plaintiffs have neither a duty to defend nor a duty to indemnify for any "personal injury" whereby an insured has failed to provide proper and/or timely notice of a claim or suit.

36.    Here, Plaintiffs did not receive any notice of the Complaint for approximately three and one half (3 ½) years.  This failure to promptly and timely tender the Complaint is a breach of the above policy conditions precedent to coverage.

37.    Plaintiffs have been prejudiced by the breaches and the late notice.

38.    As such, Plaintiffs do not have a duty to defend and do not have a duty to indemnify Defendants for the allegations in the underlying STEP Plan action.

39.    Plaintiffs request a declaration from the court that they do not owe a duty to defend and do not owe a duty to indemnify Koresko & Associates, P.C., Koresko Law Firm, P.C., Koresko Associates, Inc.,  Koresko Associates, Koresko Financial, L.P., Penn-Mont Benefit Services, Inc., John J. Koresko, V, Lawrence Koresko for the allegations set forth in the underlying STEP Plan action.

**WHEREFORE,** Plaintiffs request that judgment be entered as follows:

11

1.     Declaring that the claims asserted against Koresko & Associates, P.C., Koresko Law Firm, P.C., Koresko Associates, Inc., Koresko Associates, Koresko Financial, L.P., Penn-Mont Benefit Services, Inc., John J. Koresko, V and Lawrence Koresko in the lawsuit are not covered by the policies; and

2.     Declaring that Plaintiffs have no duty to defend and no duty indemnify Koresko & Associates, P.C., Koresko Law Firm, P.C., Koresko Associates, Inc.,  Koresko Associates, Koresko Financial, L.P., Penn-Mont Benefit Services, Inc., John J. Koresko, Lawrence Koresko, any named insureds or any other claimed insureds under the policies for the lawsuit ; and

3.     That judgment be entered in Plaintiffs favor and against Defendants; and

4.     Awarding Plaintiffs their costs, fees and expenses, and

5.     Awarding such other relief as the Court deems just, proper, and equitable.

## COUNT IV – DECLARATORY JUDGMENT

40.     Plaintiffs incorporate by reference the averments in paragraphs 1-41 above as if fully stated at length herein.

41.     The Complaint alleges wrongful acts commencing as early as February of 2002, which precedes the inception of the policies.

42.     Under the policies Plaintiffs do not have a duty to defend or indemnify any conduct arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

12

43.     As such, Plaintiffs do not have a duty to defend or to indemnify defendants for the allegations in the underlying STEP Plan action.

44.     Plaintiffs request a declaration from the court that they do not owe a duty to defend and do not owe a duty to indemnify Koresko & Associates, P.C., Koresko Law Firm, P.C., Koresko Associates, Inc.,  Koresko Associates, Koresko Financial, L.P., Penn-Mont Benefit Services, Inc., John J. Koresko, V, Lawrence Koresko for the allegations set forth in the underlying STEP Plan action.

**WHEREFORE**, Plaintiffs request that judgment be entered as follows:

1.     Declaring that the claims asserted against Koresko & Associates, P.C., Koresko Law Firm, P.C., Koresko Associates, Inc., Koresko Associates, Koresko Financial, L.P., Penn-Mont Benefit Services, Inc., John J. Koresko, V and Lawrence Koresko in the lawsuit are not covered by the policies; and

2.     Declaring that Plaintiffs have no duty to defend and no duty indemnify Koresko & Associates, P.C., Koresko Law Firm, P.C., Koresko Associates, Inc.,  Koresko Associates, Koresko Financial, L.P., Penn-Mont Benefit Services, Inc., John J. Koresko, Lawrence Koresko, any named insureds or any other claimed insureds under the policies for the lawsuit ; and

3.     That judgment be entered in Plaintiffs favor and against Defendants; and

4.     Awarding Plaintiffs their costs, fees and expenses, and

5.     Awarding such other relief as the Court deems just, proper, and equitable.

## COUNT V – DECLARATORY JUDGMENT

45.     Plaintiffs incorporate by reference the averments in paragraphs 1-44 above as if fully stated at length herein.

46.     The Complaint a does not allege any conduct that falls within the policy terms of policies issued from May 23, 2006 through May 23, 2008.

47.     Plaintiffs have neither a duty to defend nor indemnify defendants for any conduct that occurs outside the policies' policy periods.

48.     As such, Plaintiffs have neither a duty to defend nor to indemnify Defendants for the allegations in the underlying STEP Plan action under the policies issued from May 23, 2006 through May 23, 2008.

49.     Plaintiffs request a declaration from the court that they do not owe a duty to defend and do not owe a duty to indemnify Koresko & Associates, P.C., Koresko Law Firm, P.C., Koresko Associates, Inc., Koresko Associates, Koresko Financial, L.P., Penn-Mont Benefit Services, Inc., John J. Koresko, V, Lawrence Koresko for the allegations set forth in the underlying STEP Plan action.

**WHEREFORE**, Plaintiffs request that judgment be entered as follows:

1.      Declaring that the claims asserted against Koresko & Associates, P.C., Koresko Law Firm, P.C., Koresko Associates, Inc., Koresko Associates, Koresko Financial, L.P., Penn-Mont Benefit Services, Inc., John J. Koresko, V and Lawrence Koresko in the lawsuit are not covered by the policies; and

2.      Declaring that Plaintiffs have no duty to defend and no duty indemnify Koresko & Associates, P.C., Koresko Law Firm, P.C., Koresko Associates, Inc., Koresko Associates, Koresko Financial, L.P., Penn-Mont

14

Benefit Services, Inc., John J. Koresko, Lawrence Koresko, any named insureds or any other claimed insureds under the policies for the lawsuit ; and

3.   That judgment be entered in Plaintiffs favor and against Defendants; and

4.   Awarding Plaintiffs their costs, fees and expenses, and

5.   Awarding such other relief as the Court deems just, proper, and equitable.

## COUNT VI – DECLARATORY JUDGMENT

50.   Plaintiffs incorporate by reference the averments in paragraphs 1-49 above as if fully stated at length herein.

51.   The policies each define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time", and "property damage" as "physical injury to tangible property, including all resulting loss of use of that property" and "loss of use of tangible property that it's not physically injury".

52.   None of the allegations in the Complaint constitute "bodily injury" or "property damage" as those terms are defined in the policies.

53.   As such, there is no coverage under the policies for the lawsuit and Plaintiffs do not have a duty to defend and do not have a duty to indemnify defendants

54.   Plaintiffs request a declaration from the court that they do not owe a duty to defend and do not owe a duty to indemnify Koresko & Associates, P.C., Koresko Law Firm, P.C., Koresko Associates, Inc., Koresko Associates, Koresko Financial, L.P., Penn-Mont Benefit Services, Inc., John J. Koresko, V, and Lawrence Koresko under the policies for the lawsuit.

**WHEREFORE,** Plaintiffs request that judgment be entered as follows:

1.   Declaring that the claims asserted against Koresko & Associates, P.C., Koresko Law Firm, P.C., Koresko Associates, Inc., Koresko Associates, Koresko Financial, L.P., Penn-Mont Benefit Services, Inc., John J. Koresko, V and Lawrence Koresko in the lawsuit are not covered by the policies; and

2.   Declaring that Plaintiffs have no duty to defend and no duty indemnify Koresko & Associates, P.C., Koresko Law Firm, P.C., Koresko Associates, Inc., Koresko Associates, Koresko Financial, L.P., Penn-Mont Benefit Services, Inc., John J. Koresko, Lawrence Koresko, any named insureds or any other claimed insureds under the policies for the lawsuit ; and

3.   That judgment be entered in Plaintiffs favor and against Defendants; and

4.   Awarding Plaintiffs their costs, fees and expenses, and

5.   Awarding such other relief as the Court deems just, proper, and equitable.

## COUNT VII – DECLARATORY JUDGMENT

55.   Plaintiffs incorporate by reference the averments in paragraphs 1-54 above as if fully stated at length herein.

56.   One or more of the entities tendering the Complaint to Plaintiffs for coverage may not constitute an "insured" as that term is defined in the policies.

57.   As such, there is no coverage under the policies for the STEP Plan action and Plaintiffs do not have a duty to defend and do not have a duty to indemnify defendants

58.   Plaintiffs request a declaration from the court that they do not owe a duty to defend and do not owe a duty to indemnify the Koresko & Associates, P.C., Koresko Law Firm,

P.C., Koresko Associates, Inc., Koresko Associates, Koresko Financial, L.P., Penn-Mont

Benefit Services, Inc., John J. Koresko, Lawrence Koresko, any named insureds or any other

claimed insureds under the policies for the lawsuit.

        **WHEREFORE**, Plaintiffs request that judgment be entered as follows:

1.     Declaring that the claims asserted against Koresko & Associates, P.C., Koresko Law Firm, P.C., Koresko Associates, Inc., Koresko Associates, Koresko Financial, L.P., Penn-Mont Benefit Services, Inc., John J. Koresko, V and Lawrence Koresko in the lawsuit are not covered by the policies; and

2.     Declaring that Plaintiffs have no duty to defend and no duty indemnify Koresko & Associates, P.C., Koresko Law Firm, P.C., Koresko Associates, Inc., Koresko Associates, Koresko Financial, L.P., Penn-Mont Benefit Services, Inc., John J. Koresko, Lawrence Koresko, any named insureds or any other claimed insureds under the policies for the lawsuit ; and

3.     That judgment be entered in Plaintiffs favor and against Defendants; and

4.     Awarding Plaintiffs their costs, fees and expenses, and

5.     Awarding such other relief as the Court deems just, proper, and equitable.

## COUNT VIII – DECLARATORY JUDGMENT

59.     Plaintiffs incorporate by reference the averments in paragraphs 1-58 above as if fully stated at length herein.

60.     The policies provide that no insured will, except at the insured's own cost,

voluntarily make a payment, assume any obligation, or incur any expense with the  insurance

company's consent.

61.     The policies provide, in pertinent part:

SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

\*          \*          \*

2.     Duties in the Event of Occurrence, Offense, Claim or Suit:

\*          \*          \*

d.     No insured will, except at their own cost, voluntarily make
a payment, assume any obligation, or incur any expense,
other than for first aid, without our consent.

62.     Under the policies and the law, Plaintiffs do not have any obligation to reimburse

an insured for attorney fees or costs incurred prior to tender.

63.     The defendants have not complied with and/or are in breach of this provision.

64.     Defendants have requested pre-tender fees and costs from Plaintiffs.

65.     Tender did not occur until on or about September or October 2007.

66.     Plaintiffs seek a declaration from the court that they do not owe reimbursement to

defendants for any fees or costs incurred pre-tender.

67.     In the alternative, Plaintiffs do not owe reimbursement for any fees or costs that

are not reasonable or necessary and/or that are the result of any sanction or fine, including the

costs of any sanctions or fines.

**WHEREFORE**, Plaintiffs request that judgment be entered as follows:

1.     Declaring that Plaintiffs do not owe reimbursement to Defendants for any

fee or cost incurred pre-tender, and

2.      In the alternative finding that Plaintiffs only owe costs and fees that are

reasonable and necessary and that are not the result of and sanction or fine

including any sanctions or fines, and

3.      That judgment be entered in Plaintiffs favor and against Defendants; and

4.      Awarding Plaintiffs their costs, fees and expenses, and

5.      Awarding such other relief as the Court deems just, proper, and equitable.

**Marshall, Dennehey, Warner,**
**Coleman & Goggin**

BY: _____

Eric A. Fitzgerald, Esquire
Chester F. Darlington, Esquire
Pa.I.D. Nos. 72590/79070
1845 Walnut Street
Philadelphia, PA 19103
215-575-2600 telephone
215-575-0856 facsimile
cfdarlington@mdwcg.com

Date: 12-18-07

Attorneys for Plaintiffs
Travelers Property and Casualty Company
of America and
The Travelers Indemnity Company